## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. IP04-CR-0074-05-B/F |
| ) | 1:06-cv-1475-SEB-VSS |
| SHAMUS TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Criminal charges against Shamus Taylor ("Taylor") in this case were resolved through the submission and acceptance of Taylor's plea agreement with the United States. One portion of the plea agreement provides that "in the event the Court sentences [Taylor] within the range of 63-78 months imprisonment, [Taylor] expressly waives his right to appeal the conviction and sentence imposed on any ground" and additionally provides that in that event he expressly agreed not to "contest his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought pursuant to 28 U.S.C. § 2255."

After a hearing at which it was determined that Taylor's guilty plea was voluntarily and knowingly entered, and at which a factual basis for the plea was established, the plea was accepted and Taylor was adjudged guilty. Taylor was thereafter sentenced to an executed term of imprisonment of 70 months. Thus, the sentence imposed was within the range whereby Taylor's waiver of his right to appeal and to collaterally challenge either his conviction or his sentence was activated.

Despite the waiver just described Taylor challenges his sentence pursuant to 28 U.S.C. § 2255. However, there are no circumstances presented or discernible here suggesting that the waiver provision of the plea agreement is unenforceable. *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) (such waivers "are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). The United States, predictably, argues that the waiver provision prevents Taylor from mounting the present challenge.

The Seventh Circuit has recognized the validity of such waivers, and will enforce the waiver unless there is a claim that the plea agreement/waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* states that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that

> [b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief.

*Id.* Additionally, the court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

In this case, Taylor does not allege that his counsel was ineffective with regard to the negotiation of the waiver. By contrast it is the contention here, as in *Mason,* that a more favorable sentence could have been achieved. Given the parameters of the Rule 11(c)(1)(C) Plea Agreement, however, this is not the case, but in any event the claim cannot be entertained because of the waiver provision discussed above.

Based on the foregoing, therefore, Taylor's motion pursuant to 28 U.S.C. § 2255 must be **denied** because of his waiver and because his claim lacks merit. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/08/2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana